IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RUDY GRANT KIRBY,

    Petitioner,　　　　　　No. CIV S-11-0962 KJM DAD P

  vs.

GREG LEWIS, Warden,

    Respondent.　　　　　　ORDER
_____/

      Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is petitioner's one-page motion for a stay and abeyance.

## BACKGROUND

      On April 11, 2011, petitioner commenced this action by filing a petition for writ of habeas corpus, challenging his 2009 judgment of conviction entered by the Sacramento County Superior Court. On April 21, 2011, this court ordered respondent to file a response to the petition. On June 16, 2011, the court granted respondent an extension of time up to and including July 20, 2011 to file that response. On July 1, 2011, petitioner filed the pending one-page motion for a stay and abeyance, asking the court to stay this federal habeas action to allow

/////

1

him time to pursue several newly-discovered habeas corpus claims in state court.  (Pet. at 1 & Mot. for Stay & Abey. at 1)

### STAY AND ABEYANCE PROCEDURES

The United States Court of Appeals for the Ninth Circuit has analyzed the two procedures available to habeas petitioners who wish to proceed with exhausted and unexhausted claims for relief.  See King v. Ryan, 564 F.3d 1133 (9th Cir. 2009).  First, the Ninth Circuit explained "the Kelly procedure," outlined it in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003).  Under the three-step Kelly procedure,

> (1) the petitioner amends his petition to delete any unexhausted claims, (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to proceed to state court to exhaust the deleted claims, and (3) petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition.

King, 564 F.3d at 1135.  A petitioner who elects to proceed under the Kelly procedure will be able to amend his petition with his newly exhausted claims if they are timely under the statute of limitations governing the filing of federal habeas petitions.  If a petitioner's newly-exhausted claims are untimely, he will only be able to amend his petition to include them if they share a "common core of operative facts" with the claims set forth in his original federal petition.  In this regard, the Kelly procedure, unlike the alternative procedure discussed below, is a riskier one for a habeas petitioner because it does not protect a petitioner's unexhausted claims from expiring during a stay.  See King, 564 F.3d at 1140-41.  See also Duncan v. Walker, 533 U.S. 167, 172-75 (2001) (unlike the filing of a state habeas petition, the filing of a federal habeas petition does not toll the statute of limitations).

As the Ninth Circuit explained in King, the United States Supreme Court has authorized an alternative procedure which it outlined in Rhines v. Weber, 544 U.S. 269, 277 (2005).  Under the Rhines procedure, the petitioner need not amend his federal habeas petition to delete unexhausted claims.  Instead, the petitioner may proceed on a "mixed petition," and his

1  unexhausted claims remain pending in federal court while he returns to state court to exhaust
2  them.  See King, 564 F.3d at 1140; Jackson v. Roe, 425 F.3d 654, 660 (9th Cir. 2005) ("Rhines
3  concluded that a district court has discretion to stay a mixed petition to allow a petitioner time to
4  return to state court to present unexhausted claims.").  A petitioner who elects to proceed under
5  the Rhines procedure can, in many instances, avoid an issue with respect to the timeliness of the
6  claims set forth in his federal petition.  See King, 564 F.3d at 1140.  However, the Supreme
7  Court has cautioned that a "stay and abeyance [under the Rhines procedure] should be available
8  only in limited circumstances," and "district courts should place reasonable time limits on a
9  petitioner's trip to state court and back."  Rhines, 544 U.S. at 277-78.  The Supreme Court
10 explained that district courts should not grant a stay if the petitioner has engaged in abusive
11 litigation tactics or intentional delay or if the unexhausted claims are plainly meritless.  Id. at
12 278.  In addition, federal proceedings may not be stayed indefinitely and reasonable time limits
13 must be imposed on a petitioner's return to state court to exhaust additional claims.  Id. at 277-
14 78.

**DISCUSSION**

16        In this case, petitioner's original federal habeas petition appears fully exhausted.
17 The court can recommend staying petitioner's fully exhausted petition under the Kelly procedure.
18 However, petitioner may encounter an issue with respect to the timeliness of any amended
19 federal petition he seeks to file in the future.  As discussed above, under the Kelly procedure,
20 petitioner runs an increased risk that his unexhausted claims will not "relate back" to his original
21 federal petition and will be time-barred when he returns from state court.  See Mayle v. Felix,
22 545 U.S. 644 (2005) (petitioner may amend his petition after the expiration of the statute of
23 limitations period if the new claims share a "common core of operative facts" with the claims in
24 the pending petition); King, 564 F.3d at 1141 ("the Kelly procedure, unlike the Rhines procedure,
25 does nothing to protect a petitioner's unexhausted claims from untimeliness in the interim").
26 /////

1  On the other hand as noted above, if petitioner wishes to pursue a stay pursuant to
2 the <u>Rhines</u> procedure, the court has the discretion to stay a "mixed petition." However, if he
3 elects to proceed under <u>Rhines</u> petitioner will need to now file an amended federal petition
4 containing all of his exhausted and unexhausted claims. In addition, petitioner will need to file a
5 renewed motion for a stay and abeyance setting forth sufficient facts and information to satisfy
6 the requirements of <u>Rhines</u> discussed above. Based on petitioner's current one-page motion for a
7 stay and abeyance, the court is unable to determine whether petitioner has good cause for not
8 exhausting all of his claims before filing this federal habeas action. The court is also unable to
9 tell whether petitioner's unexhausted claims are potentially meritorious or whether petitioner has
10 been diligent in pursuing his unexhausted claims. <u>See</u> <u>Taylor</u>, 134 F.3d at 987 n. 8 & n. 11
11 (failure to show diligence in pursuing habeas claims may foreclose the granting of a stay).

12  Under the circumstances of this case, the court will direct petitioner to inform the
13 court on how he wishes to proceed. Petitioner will be directed to either (a) file a declaration
14 indicating he wishes to proceed under the <u>Kelly</u> procedure or (b) file an amended petition that
15 contains all of his exhausted and unexhausted claims, together with a renewed motion for a stay
16 and abeyance with sufficient facts and information to satisfy the requirements of <u>Rhines</u>. In any
17 renewed motion for a stay and abeyance he may elect to file, petitioner must (1) show good cause
18 for petitioner's failure to exhaust all claims before filing this action, (2) demonstrate why each of
19 petitioner's unexhausted claims is potentially meritorious, (3) describe the status of any state
20 court proceedings on the unexhausted claims, and (4) demonstrate that petitioner has acted
21 diligently in pursuing his unexhausted claims. <u>See</u> <u>Rhines</u>, 544 U.S. at 277-78.

22  At this time the court will also relieve respondent of having to file a response to
23 petitioner's original petition until further ordered.
24 /////
25 /////
26 /////

4

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Within thirty days of the date of service of this order, petitioner shall either:

    (a) file a declaration indicating he wishes to proceed under the <u>Kelly</u> procedure, or

    (b) file an amended petition that contains all of his exhausted and unexhausted claims, together with a renewed motion for a stay and abeyance with sufficient facts and information to satisfy the requirements of <u>Rhines</u>;

2. Respondent is relieved of having to file a response to petitioner's original petition for writ of habeas corpus until further ordered; and

3. The Clerk of the Court is directed to send petitioner the court's form for filing a petition for writ of habeas corpus.

DATED: July 7, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
kirb0962.sty