IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RUDY GRANT KIRBY,

     Petitioner,                    No. CIV S-11-0962 KJM DAD P

    vs.

GREG LEWIS, Warden,

     Respondent.                ORDER

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is petitioner's renewed motion for a stay and abeyance.

        By way of background, on April 11, 2011, petitioner commenced this action by filing a petition for writ of habeas corpus, challenging his 2009 judgment of conviction entered by the Sacramento County Superior Court. On April 21, 2011, this court ordered respondent to file a response to the petition. On June 16, 2011, the court granted respondent an extension of time up to and including July 20, 2011 to file that response. On July 1, 2011, petitioner filed a one-page motion for a stay and abeyance, asking the court to stay this federal habeas action to allow him time to pursue several allegedly newly-discovered claims for habeas relief in state court.

On July 7, 2011, the court relieved respondent of having to file a response to petitioner's original petition.  The court also explained to petitioner the two procedures available to habeas petitioners who wish to proceed with exhausted and unexhausted claims for relief.  See King v. Ryan, 564 F.3d 1133 (9th Cir. 2009).  The court instructed petitioner to inform the court as to whether he wished to proceed under the Kelly procedure outlined in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), or the Rhines procedure outlined in Rhines v. Weber, 544 U.S. 269 (2005).  If petitioner wished to proceed under the Rhines procedure, the court instructed petitioner to file a renewed motion for a stay and abeyance and an amended petition containing all of his claims since his original federal habeas petition appeared fully exhausted.  In accordance with the court's order, petitioner has filed a renewed motion for a stay and abeyance under the Rhines procedure.  He has also filed a first amended petition.

The court has reviewed petitioner's amended petition.  Therein, petitioner has only included the new claims he wishes to exhaust in state court.  This court cannot stay a petition that is wholly unexhausted.  See Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006).  As the court previously advised petitioner, to pursue a stay under the Rhines procedure he must file an amended federal petition containing all of his exhausted and unexhausted claims.  Under these circumstances, the court will grant petitioner thirty days to file a second amended petition.  Petitioner's second amended petition should include all of the claims that were set forth in his original petition as well as all of the new claims contained in his amended petition.  After petitioner files his second amended petition, the court will address his renewed motion for a stay and abeyance.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's motion for a stay and abeyance (Doc. No. 13) is denied as moot;

2. Within thirty days of the date of this order, petitioner shall file a second amended petition that contains all of his exhausted and unexhausted claims;

/////

3. The second amended petition must be filed on the form employed by this court, must name the proper respondent, and must state all claims and prayers for relief on the form. It must bear the case number assigned to this action and must bear the title "Second Amended Petition"; and

4. The Clerk of the Court is directed to send petitioner the form for habeas corpus application.

DATED: August 23, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
kirb0962.sty(2)